

Tagged Opinion

**ORDERED in the Southern District of Florida on February 05, 2010.**

/s/ Paul Hyman

**Paul G. Hyman, Chief Judge
United States Bankruptcy Court**

___

```
              UNITED STATES BANKRUPTCY COURT
               SOUTHERN DISTRICT OF FLORIDA
                 WEST PALM BEACH DIVISION

In re:                           CASE NO.: 08-25855-BKC-PGH

MIGUEL CHAMPALANNE,              CHAPTER 7

     Debtor.
_____/

DEBORAH C. MENOTTE, Trustee      ADV. NO.: 09-01983-BKC-PGH-A

     Plaintiff,

v.

MARIA LUZ CHAMPALANNE, and
THE CHAMPALANNE FAMILY TRUST
DATED JULY 1, 2003,

     Defendants.
_____/
```

<u>**MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
                MOTION FOR JUDGMENT ON THE PLEADINGS**</u>

**THIS MATTER** came before the Court on November 30, 2009, upon Maria Luz Champalanne and The Champalanne Family Trust Dated July

1, 2003's (collectively, the "Defendants") *Motion for Judgment on the Pleadings* (the "Motion") and Deborah C. Menotte's (the "Plaintiff" or "Trustee") Response thereto.  For the reasons set forth below, the Court herewith grants the Motion in part, and denies the Motion in part.

## Background

*I.   Allegations of the Complaint*

On May 16, 2001, the Debtor purchased real property located in Orange County, California (the "California Property").  On June 3, 2003, a loan on which the Debtor was a guarantor went into default.  The outstanding principle balance on the loan as of the default date was $910,334.34.  After the default, the Debtor and his wife Maria Luz Champalanne ("Mrs. Champalanne"; collectively with the Debtor, the "Champalannes"), created the Champalanne Family Trust Dated July 1, 2003 (the "Family Trust").  In a deed dated June 30, 2003, and recorded July 11, 2003, the Debtor transferred the California Property to the Family Trust, allegedly for no consideration (the "California Property Transfer").

On May 28, 2004, the holder of the note filed a collection action against the Debtor in California State Court.  On June 18, 2004, the Family Trust sold the California Property, and the Family Trust received net proceeds of $742,459.61. On April 25, 2005, the Family Trust purchased real property located in Vero Beach, Florida (the "Florida Property") for $799,000.00, allegedly with funds

2

traceable to the California Property. On September 26, 2005, the Family Trust transferred the Florida Property to the Champalannes jointly as husband and wife, allegedly for no consideration (the "Florida Property Transfer").

On January 3, 2008, the California State Court entered a final judgment against the Debtor in the collection action. On October 23, 2008, the Debtor filed a voluntary Chapter 7 Petition, listing the Florida Property as exempt homestead property on Schedule A. On September 9, 2009, the Trustee filed a Complaint against the Defendants to avoid and recover fraudulent transfers under 11 U.S.C. § 548, § 544, and applicable Florida law.

The Complaint contains six counts. In Count I of the Complaint, the Trustee seeks to avoid the California Property Transfer as a fraudulent conveyance under 11 U.S.C. § 548(e)(1), alleging that the Debtor engaged in that transfer with actual intent to hinder, delay, or defraud creditors. Counts II through V seek to avoid the Florida Property Transfer as a fraudulent conveyance under 11 U.S.C. § 544(b) and applicable Florida law[1], as to Mrs. Champalanne only. Count VI seeks recover the transfers at issue in Counts I through V under 11 U.S.C. § 550. The Trustee seeks relief in the form of an equitable lien of $799,000.00, or an equitable trust, on the Florida Property. The Trustee also seeks

---

[1] Specifically: Counts II, III, and IV are fraudulent transfer claims pursuant to Florida Statutes §§ 726.105(1)(a), 726.105(1)(b), and 726.106(1), respectively; Count V is a claim for fraudulent asset conversion pursuant to Florida Statutes § 222.30(2).

3

a judgment against the Defendants in the amount of at least $799,000.00, or the purchase price of the Florida Property. Additionally, although the Trustee has not filed an objection to the Debtor's claim of exempt assets under 11 U.S.C. § 522(o) or (p), the Trustee relies on those subsections as the basis for imposing an equitable lien or trust on the Florida Property.

*II. Allegations of the Motion for Judgment on the Pleadings*

In the Motion, the Defendants allege that the Florida Property is exempt homestead pursuant to the Florida Constitution, Article X, Sec. 4. The Defendants argue that because the Florida Property is homestead, the transfers at issue are not avoidable, and the Trustee cannot impose an equitable lien or trust against the Florida Property. The Defendants also assert: that the Debtor did not act with the requisite intent to hinder, delay, or defraud creditors when he transferred the California Property to the Family Trust; that because the Trustee failed to timely object to the Debtor's claimed homestead exemption under § 522 and Federal Rule of Bankruptcy Procedure 4003(b)(1), the Trustee is precluded from objecting to the homestead exemption in an action under §§ 544 or 548; and that the Trustee cannot rely on § 522(o) or (p) to limit Mrs. Champalanne's homestead exemption in the Debtor's bankruptcy proceeding.

**Conclusions of Law**

The Court has jurisdiction over this matter pursuant to 28

U.S.C. §§ 157 and 1334(b).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H) and (O).

*I.    Standard for Judgment on the Pleadings*

Federal Rule of Civil Procedure 12(c), Motion for Judgment on the Pleadings, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7012, provides that "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "The standard for granting a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as a motion to dismiss under Rule 12(b)(6)."  *Menotte v. NLC Holding Corp. (In re First NLC Fin. Servs., LLC)*, 396 B.R. 562, 565 (Bankr. S.D. Fla. 2008) (citing *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001)).  In evaluating the Motion, the Court must "accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Redland Co. v. Bank of Am. Corp.*, 568 F.3d 1232, 1235 (11th Cir. 2009).  A complaint is sufficient if it pleads "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  In determining the Motion, the Court "must determine only whether 'the claimant is entitled to offer evidence to support the claims,' not whether the plaintiff can ultimately prove the facts alleged." *Perdido Sun Condo. Ass'n, Inc. v. Nationwide Mut. Ins. Co.*, 2007 WL

2565990, at *3 (N.D. Fla. 2007) (citations omitted).

## II. The Florida Homestead Exemption Precludes the Trustee From Imposing an Equitable Lien or Trust on the Florida Property

The Florida Constitution provides:

> There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except of payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
>
> (1) a homestead . . .

Fla. Const. Art. X, Sec. 4. In addition to the three exceptions provided by the Florida Constitution, the homestead exemption is inapplicable "where funds obtained through fraud or egregious conduct were used to invest in, purchase, or improve the homestead." *Havoco of Am., Ltd. v. Hill*, 790 So.2d 1018, 1028 (Fla. 2001) ("Havoco I"); *Havoco of Am., Ltd. v. Hill*, 255 F.3d 1321 (11th Cir. 2001) ("Havoco II"). However, a debtor's use of nonexempt funds to purchase homestead with actual intent to hinder, delay, or defraud creditors, even if "blatantly a move designed to deceive . . . creditors and one made in bad faith, does not rise to the level of fraud, nor does it constitute egregious behavior" sufficient to render the homestead exemption inapplicable. *Chauncey v. Dzikowski (In re Chauncey)*, 454 F.3d 1292, 1294 (11th Cir. 2006) (citing *Havoco II*).

The Defendants argue that under *Havoco*, the Florida homestead

exemption bars the Trustee from avoiding the allegedly fraudulent transfers, or from imposing a lien or equitable trust against the Florida Property.  In response, the Trustee argues that after the 2005 amendments to the Bankruptcy Code, *Havoco* is no longer controlling authority in Florida bankruptcy courts, and that under 11 U.S.C. § 522(o)[2] a creditor may set aside any portion of a homestead that a debtor acquired with the intent to delay, hinder, or defraud creditors.  Thus, the Trustee argues that the Court should not dismiss Counts I, II, and V, which allege that the Debtor acted with such intent when he engaged in the California Property Transfer and the Florida Property Transfer.  Additionally, the Trustee argues that under 11 U.S.C. § 522(p)[3], a creditor may set aside a transfer of funds to homestead which exceeds $136,875.00 in value if the debtor acquired the homestead within

---

[2] 11 U.S.C. § 522(o) provides in pertinent part:
(o) For purposes of subsection (b)(3)(A), and notwithstanding subsection (a), the value of an interest in . . .
    (4) real or personal property that the debtor or dependent of the debtor claims as a homestead;
shall be reduced to the extent that such value is attributable to any portion of any property that the debtor disposed of in the 10-year period ending on the date of the filing of the petition with the intent to hinder, delay, or defraud a creditor and that the debtor could not exempt, or that portion that the debtor could not exempt, under subsection (b), if on such date the debtor had held the property so disposed of.

[3] 11 U.S.C. § 522(p) provides in pertinent part:
(p)(1) Except as provided in paragraph (2) of this subsection and sections 544 and 548, as a result of electing under subsection (b)(3)(A) to exempt property under State or local law, a debtor may not exempt any amount of interest that was acquired by the debtor during the 1215-day period preceding the date of the filing of the petition that exceeds in the aggregate $136,875.00 in value in . . .
    (D) real or personal property that the debtor or dependent of the debtor claims as a homestead.

7

1,215 days of filing bankruptcy, regardless of intent.  Thus, the Trustee argues that Counts III and IV, which seek to set aside the Florida Property Transfer as to Mrs. Champalanne, should not be dismissed because the Complaint alleges that the transfer occurred within 1,215 days of the Debtor's bankruptcy petition date.

The Court finds that the Trustee's reliance on § 522(o) and (p) is misplaced.  In the context of a fraudulent conveyance action, subsections (o) and (p) do not supercede *Havoco.*  Instead, subsections (o) and (p) provide a trustee with grounds to object to a debtor's homestead exemption claim and, if successful, decrease the amount that a debtor may claim as exempt.  In order to make use of subsections (o) and (p), the proper remedy is to file an objection to exemption, not to file an adversary proceeding seeking to avoid a fraudulent conveyance.

In addition, the Trustee has cited no authority for the proposition that § 522(o) and (p) may be used to limit the homestead exemption of a non-debtor spouse.  However, courts addressing this issue have reached opposite conclusions. *Compare In re Walsh*, 359 B.R. 389, 393-94 (Bankr. D. Mass. 2007) (holding that the limit on homestead under subsection (p) did not restrict a non-debtor husband's ability to assert his homestead exemption) *with Kim v. Kim (In re Kim)*, 405 B.R. 179, 187-88 (Bankr. N.D. Tex. 2009) (rejecting non-debtor spouse's argument that her separate interest in homestead property is not subject to subsection (p)).

The Court need not resolve this issue, because the Trustee has filed a fraudulent conveyance action rather than an objection to the Debtor's homestead exemption claim.

The Defendants also assert that the Champalannes hold the Florida Property as tenants by the entireties, an assertion which the Trustee disputes. Subsections (o) and (p) do not affect the ability of a Debtor to claim a tenancy by the entireties exemption for property that is also homestead. *In re Davis*, 403 B.R. 914, 919 (Bankr. M.D. Fla. 2009) (citing *Dillworth v. Hinton (In re Hinton)*, 378 B.R. 371, 380-81 (Bankr. M.D. Fla. 2007)). If the Trustee were objecting to the Debtor's homestead exemption claim under subsection (o) or (p), then the Court would have to determine whether the Champalannes actually hold the Florida Property as tenants by the entireties. The Court need not resolve this issue either, however, because the Trustee has not objected to the Debtor's homestead exemption under § 522(o) or (p).

Instead, the Trustee seeks to avoid fraudulent transfers under §§ 548(e)(1) and 544(b). The Trustee has not alleged that any of the three exceptions to the homestead exemption provided by the Florida Constitution apply in this case, or that the Debtor used fraudulently obtained funds to purchase the California Property or the Florida Property. In Count I of the Complaint, the Trustee alleges that the Debtor engaged in the California Property Transfer intending to delay, hinder, or defraud creditors. According to the

9

Florida Supreme Court and the Eleventh Circuit, this is precisely the type of situation that does not render the homestead exemption inapplicable. *See Havoco I*, 790 So.2d at 1028; *Chauncey*, 454 F.3d at 1294.  Similarly, Counts II through V allege facts relating to elements of Florida's statutory fraudulent conveyance laws. However, the Trustee cannot rely on statutory law to attack the Champalanne's constitutional homestead exemption. *Havoco I*, 790 So. 2d at 1029 ("[t]he legislature is powerless to affect the rights provided under the homestead exemption through statutory enactments.").  Thus, even accepting the allegations in Counts I through V as true, the Trustee has not alleged facts sufficient to impose an equitable lien or trust against the Florida Property. Accordingly, the Court will grant the Motion to the extent the Complaint seeks to impose an equitable lien or trust against the Florida Property.

*III. The Defendants Have Failed to Show that the Trustee is Not Entitled to a Money Judgment Based on the Pleadings.*

Under Florida law, a creditor may recover a judgment against the first transferee or any subsequent transferee of a fraudulent transfer.  Fla. Stat. § 726.109(2).  Thus, although the Trustee cannot impose an equitable lien or trust against the Florida Property, the series of transfers that culminated in the purchase of the Florida Property may nevertheless result in a judgment against the transferees involved. *Dowling v. Davis*, 295 Fed. Appx. 322 (11th Cir. 2008) (unpublished) (affirming a money judgment

against the transferee of funds fraudulently conveyed into a tenancy by the entireties account, even after the transferee used those funds to purchase exempt homestead).  Counts I through V of the Complaint plead various theories under which the Trustee may seek a money judgment against the Defendants based on the alleged fraudulent conveyances.

The Defendants argue that the California Property Transfer was not fraudulent because under California law, the California Property remained subject to the claims of creditors after the transfer to the Family Trust.  Even if that is a correct statement of California law, the transfer may nevertheless be avoidable if the Debtor acted with actual intent to hinder, delay, or defraud creditors.  *See* 11 U.S.C. § 548.  The Trustee has alleged that the Debtor acted with such intent, and has alleged various badges of fraud to support that conclusion.  The Court must accept these allegations as true for the purposes of the Motion.  Accordingly, the Court will deny the Motion to the extent the Complaint seeks money damages based on the California Property Transfer and the Florida Property Transfer.

### Conclusion

The Trustee cannot rely on § 522 (o) and (p) in an action to recover a fraudulent transfer.  Instead, *Havoco* controls, and under *Havoco* the Trustee cannot impose an equitable lien or trust against the Florida Property.  On the other hand, the allegations of the

11

Complaint, construed in the light most favorable to the Trustee, preclude the Court from finding that the Trustee is not entitled to a money judgment against the Defendants.

### Order

The Court, having considered the Motion, the submissions of the parties, and being otherwise fully advised in the premises, hereby **ORDERS** and **ADJUDGES** that:

1. The Defendants' Motion is **GRANTED** in part.

2. Those sections of the Complaint that seek to impose an equitable lien or an equitable trust on the Florida Property are **DISMISSED.**

3. The Defendants' Motion is otherwise **DENIED.**

4. This Order is not a resolution of any other claims any party may have against the Defendants or the Debtor, or a resolution of any objections any party may have to the Debtor's discharge or homestead exemption claim.

5. The Court reserves jurisdiction to award either party court costs upon appropriate request.

###

Copies Furnished To:

Michael R. Bakst
Attorney for Plaintiff

Craig B. Young
Attorney for Defendant

Steven K. Platzek
Attorney for Defendant

AUST

The Clerk of the Court is hereby directed to serve a copy of this Order upon all interested parties and creditors.